CASE 77—MANDAMUS TO PAY COUNTY WARRANT—MAY 19.

## Cooper v. Wait, Treasurer.

APPEAL FROM PULASKI CIRCUIT COURT.

1. STATUTES—REPEAL OF—SPECIAL ACT RELATING TO CLAIMS AGAINST PULASKI COUNTY.—The act of April 22, 1890, requiring the county treasurer of Pulaski county to pay county warrants in the numerical order in which they were presented was repealed by the act embodied in the Kentucky Statutes relating to the administration of county finances.

2. COUNTY CLAIMS—ORDER OF PAYMENT.—It is the duty of the county treasurer to pay in the order of their presentation warrants issued for county claims for the current year out of the funds in his hands arising from the levy of such year in preference to warrants issued for claims arising in former years.

O. H. WADDLE FOR THE APPELLANT.

1. The special act of April 22, 1890, requiring county treasurer of Pulaski county to pay warrants in their numerical order was not repealed either by the adoption of the new Constitution or by the adoption of the act regulating the administration of county finances.

2. Even if the act of April 22, 1890, has been repealed, it was nevertheless the duty of the treasurer to pay appellant's warrant out

Cooper v. Wait, Treasurer. .

of the funds in his hands at the time the application for a mandamus was made.

Citations: Ky. Con., sec. 60, and sec. 1 of the schedule; Ky. Stats., secs. 931, 1882; Black on Interpretation of Laws, vol. —; 23 Am. & Eng. Ency. of Law, 489; Saul v. His Creditors, 16 Am. Dec., 212; Bruce v. Schuyler, 46 Am. Dec., 448; Carver v. Smith, 46 Am. Reps., 210; Brown v. Miller, 4 J. J. Mar., 474; Com. v. Mason, 82 Ky., 256.

G. W. SHADOAN FOR THE APPELLEE.

The funds in the hands of the treasurer came solely from the levy and collection of taxes for county purposes for the year 1898. The levy was laid for the purpose of paying the claims laid by the fiscal court for that year and until all of such claims have been paid he can not apply these funds to any other purpose. Ky. Stats., secs. 1882, 931; Ky. Con., sec. 157. The special acts of 1885, 1886, and 1890 have been repealed. Ky. Stats., art. 1, ch. 34.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that appellant was the county school superintendent for Pulaski county, and that at the April term, 1897, of the fiscal court of Pulaski county the following order was entered:

"It is ordered by the court that J. S. Cooper be, and he hereby is, allowed the sum of one thousand fifty-two and xx-100 dollars, payable out of the county treasury for salary for 1896.

"$1,052.                    N. L. Barnett, Clerk F. C. P. C."

It is agreed that said order was presented to J. A. McGee, Treasurer, April 30, 1897, and numbered 994, and payment refused for the reason that the treasurer had no funds; but he indorsed the same as follows: "No. 994. April 30, '97. J. A. McGee, Treas." It is further agreed that the appellee is the successor of said McGee in the office of treasurer, and that both of them kept a memorandum of the claims presented to them in the order of their presentment, and indorsed on the back of the warrants

presented for payment that were not paid for the want of funds the number showing the numerical order in which the claims were presented and payment demanded; and the number 994 on the claim in controversy shows the numerical order in which said warrant was presented for payment, according to the memorandum kept by the then treasurer, McGee. It is further agreed that, since the appellee entered into office, he has received, and had at the time of the institution of this suit in his hands, from the general revenues of the county, the sum of $8,879.90, which should be used and paid out by him on the claims allowed by the fiscal court, certified by the clerk, including the character of claim of plaintiff herein referred to. It is further agreed that the funds in the hands of appellee, as treasurer, were paid to him by the sheriff of the county from collection of the county levy made for the year 1898, and that there are no funds in the hands from collections for either the year 1896 or 1897; and that there are no available means out of which to pay plaintiff's claim, except the funds now in defendant's hands. And it is further agreed that, if appellant is entitled to have his claim paid out of the revenues of the county collected and paid into the treasury in the numerical order in which it was allowed by the court or presented to and demanded of the treasurer, he is entitled to have the same paid by the defendant out of the aforesaid funds in his hands; the said funds now being available for the payment of the same, and the said claim being entitled to be paid therefrom, numerically considered. It is also agreed that the appellant had demanded of the appellee payment of the said claim, with interest from the 30th of April, 1897, until paid, and, that being refused, demanded payment of the principal, which was also refused. It is further

agreed that there are outstanding claims against the county, allowed for expenditures for the year 1898, amounting to more than the above amount of money in appellee's hands, and that the holders of the claims for the year 1898 are claiming that they are entitled to have their claims paid by appellee in preference to the claim of appellant.

The appellant sought in this action, upon the agreed facts, to obtain a mandamus from the circuit court of Pulaski county, ordering and directing the treasurer to pay his claim. Upon final hearing, the court adjudged that the plaintiff is not entitled to the specific relief prayed for in the petition, and adjudged that the cause be, and the same is hereby, dismissed; and it was further adjudged that the defendant, George W. Wait, treasurer, pay the claims allowed for each fiscal year out of the revenues levied and collected and paid to him for such year; and the court construes the order of the fiscal court for a levy of the taxes for 1898 as a levy made to pay the current expenses for said year; and it was further adjudged that the claims allowed and certified each year should be paid out of the revenue for such year in the numerical order in which the same are presented to him and payment demanded; and it is further adjudged that the act of April 22, 1890, is repealed, and no interest is payable upon certificates of county indebtedness. To all of which judgment appellant excepted, and prayed an appeal to this court, which was granted.

It is the contention of appellant that the acts of April, 1885, 1886, and 1890, required the treasurer to pay the claim heretofore referred to.

It is the contention of appellee that said acts were repealed by the Kentucky Statutes, and in this contention

we concur.   Chapter 52, Kentucky Statutes, contains the general law regulating the collection, levy, and disbursement of county funds, and, under the well-settled rules of construction, operated to repeal the special acts heretofore referred to.   It will be seen that the claim in controversy was payable out of the revenue of the county to be collected prior to 1898, and that the revenues collected for the year 1898 were levied for purposes exclusive of appellant's claim; and it seems to us that, under the provisions of section 180 of the Constitution of the State, the revenue levied and collected for current expenses for the year 1898 could not be legally applied to the payment of appellant's claim.   If the revenues intended to be applied to the payment of appellant's claim should not be available for that purpose, it would be the duty of the fiscal court to make other provisions for the payment thereof.

We do not deem it necessary to determine the question as to whether or not appellant will be entitled to recover interest upon his claim after the time it was legally due and payable.   In our opinion, he could not demand from the treasurer interest, because there is no law requiring the treasurer to pay interest.   Whether it be the legal duty of the fiscal court to provide for the payment of interest is a question not before us, and therefore not decided.

Judgment denying the mandamus prayed for is affirmed.